1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    JAYNES CORPORATION,                    Case No. 2:10-cv-00764-MMD-GWF
8                           Plaintiff,
                                                       ORDER
9          v.
                                             (Def.'s Motion for Reconsideration
10   AMERICAN SAFETY INDEMNITY                      – dkt. no. 62)
     COMPANY, et al.,
11
                          Defendants.
12
13
14         Before the Court is Defendant American Safety Indemnity Company's ("ASIC")
15   Motion for Reconsideration.  (Dkt. no. 62.)  For the reasons described below, the Motion
16   is denied.
17         The relevant factual history is recounted in this Court's December 26, 2012, Order
18   regarding the parties' motions for full and partial summary judgment.  (Dkt. no. 57.)  The
19   Court denied ASIC's Motion for Summary Judgment and partially granted Plaintiff
20   Jaynes Corporation's ("Jaynes") Motion for Partial Summary Judgment.  The Court held
21   that ASIC had, and continues to have, a duty to defend Jaynes under the Additional
22   Insured Endorsement ("AIE") provision of its insurance policies with the subcontractor,
23   Stewart & Sundell Concrete ("S&S").  Thus, the Court declared that ASIC has a duty to
24   defend Jaynes in the underlying state court construction defect litigation.  The Court also
25   determined that ASIC must compensate Jaynes' reasonable costs incurred in its defense
26   of the underlying action, with certain exceptions described in the Order.  (*See id.* at 23.)
27         ASIC now moves under Federal Rule of Civil Procedure 60(b) for the Court to
28   reconsider its decision that ASIC owes Jaynes a duty to defend.  ASIC asks the Court to

1  reconsider its determination regarding (1) the meaning of the "ongoing operations"

2  provision in the at-issue AIE; and (2) whether ASIC owed Jaynes a duty to defend under

3  the "projects on file" provision in the at-issue contract.

4  **I.      DISCUSSION**

5       **A.      Legal Standard**

6       Although not mentioned in the Federal Rules of Civil Procedure, motions for

7  reconsideration may be brought under Rules 59(e) and 60(b).  Rule 59(e) provides that

8  any motion to alter or amend a judgment shall be filed no later than 28 days after entry

9  of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration

10  should not be granted "absent highly unusual circumstances, unless the district court is

11  presented with newly discovered evidence, committed clear error, or if there is an

12  intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

13  *GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v.*

14  *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

15       Under Rule 60(b), a court may relieve a party from a final judgment, order or

16  proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or

17  excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5)

18  the judgment has been satisfied; or (6) any other reason justifying relief from the

19  judgment.  *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v.*

20  *Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district

21  court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

22       A motion for reconsideration must set forth the following: (1) some valid reason

23  why the court should revisit its prior order; and (2) facts or law of a "strongly convincing

24  nature" in support of reversing the prior decision. *Frasure v. United States*, 256

25  F.Supp.2d 1180, 1183 (D. Nev. 2003).  On the other hand, a motion for reconsideration

26  is properly denied when the movant fails to establish any reason justifying relief.

27  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court

28  properly denied a motion for reconsideration in which the plaintiff presented no

1   arguments that were not already raised in his original motion)). Motions for

2   reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution*

3   *Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted),

4   and are not "intended to give an unhappy litigant one additional chance to sway the

5   judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

6

7   **B.    The Court's Determination Regarding the "Ongoing Operations" Provision**

8        The Court held that the "arising out of" and "ongoing operations" provisions in the

9   at-issue contract covered claims for damage arising out of work performed both during

10  the ongoing operations as well as claims for damage that occurred after the operation

11  but which was caused by ongoing operations. Accordingly, the work performed by

12  Jaynes was covered by the insurance contract.  (Dkt. no. 57 at 15-18.)

13       ASIC argues that the Court must reconsider its decision due to a change in

14  intervening and controlling case law.  In its Order, the Court relied on the reasoning in an

15  unpublished Ninth Circuit decision, *Tri-Star Tri-Star Theme Builders, Inc. v. OneBeacon*

16  *Insurance Co.*, 426 F. App'x 506, 510-512 (9th Cir. 2011), in interpreting the meaning of

17  the on-going operations clause at issue here.[1]  ASIC contends that the Arizona Court of

18  Appeal decision, *Colorado Casualty Ins. Co. v. Safety Control Co., Inc.*, 288 P.3d 764

19  (Ariz. 2012) constitutes intervening, controlling case law. ASIC argues that had the Court

20  followed the *Colorado Casualty* court's reasoning, its determination would have differed.

21       There are several problems with ASIC's argument. First, *Colorado Casualty* is not

22  "intervening" authority.  It was issued on September 11, 2012, while this Court's Order

23  was issued on December 26, 2012.  *See Merritt v. Mackey*, 932 F.2d 1317, 1320-21 (9th

24  Cir. 1991). Although the decision was issued after the parties' motions were fully briefed,

25

26       [1]In citing *Tri-Star*, the Court noted "[p]ursuant to 9th Circuit Rule 36-3, *Tri-Star* is
27  not precedent, but may be cited by this Court. *See also* FRAP 32.1. The Court
    accordingly cites *Tri-Star* not for its precedential value, but because it finds the 9th
28  Circuit's reasoning on a near-identical contract term persuasive."  (Dkt. no. 57 at 15, fn. 8.)

3

1   ASIC should have notified the Court about the *Colorado Casualty* decision through a

2   supplemental filing. Reconsideration is not a mechanism for parties to make new

3   arguments that could reasonably have been raised in their original briefs. *See Kona*

4   *Enters. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Second, *Colorado*

5   *Casualty* is not "controlling" authority, because as an Arizona Court of Appeal decision it

6   is not binding upon this Court. *See Rich v. TASER Int'l, Inc.*, 2:09-CV-2450, 2013 WL

7   129326, at *3 (D. Nev. Jan. 9, 2013).

8   Finally, the *Colorado Casualty* court's reasoning is not persuasive. There, the

9   court held that "ongoing operations" meant work under the subcontract that was still "in

10  progress." 288 P.3d at 772-73. This Court, referencing *Tri-Star*, concluded that a similar

11  "ongoing operations" provision covered claims for damage that occurred after the

12  operation but was caused by ongoing operations. (Dkt. no. 57 at 15.) The Court

13  explained at length why it found the reasoning in *Tri-Star* and *McMillin Construction*

14  *Services, L.P. v. Arch Specialty Insurance Co.*, No. 10CV2592, 2012 WL 243321, at *2-3

15  (S.D. Cal. Jan. 25, 2012), persuasive on this point. The Court acknowledged that other

16  courts have reached the same conclusion reached in *Colorado Casualty*, and explained

17  why the reasoning in *Tri-Star* and *McMillin* should control. The *Colorado Casualty*

18  decision does not change this determination.

19  **C.    The Court's Determination Regarding the "Projects on File" Provision**

20  ASIC next asks the Court to reconsider its holding regarding the "projects on file"

21  provision. Under the at-issue contract, in order for ASIC to provide coverage for work

22  performed on a given project, the project must be "on file" with ASIC. After considering

23  the facts presented and the parties' arguments, the Court concluded that there was at

24  least a factual dispute regarding whether the Sun City Anthem ("SCA") project (the

25  project involved in the underlying state court litigation) was "on file" with ASIC. (Dkt. no.

26  57 at 13.) The Court held that this factual dispute triggered ASIC's duty to defend. ASIC

27  contends that "[a] factual dispute regarding whether an entity is an insured should mean

28  . . . Jaynes failed to meet its burden of first proving it was a party to the contract." (Dkt.

1   no. 62 at 9.) With this argument, ASIC misunderstands the foundational principles of

2   insurance law, which hold that an "insurer must defend any action that asserts a claim

3   potentially seeking damages within the coverage of the policy."  *Maryland Casualty Co.*

4   *v. Nationwide Ins. Co.,* 65 Cal. App. 4th 21, 32 (1998) (*quoting Montrose Chemical Corp.*

5   *v. Super. Ct.*, 6 Cal. 4th 287, 295 n.3 (1993)); *see also Buss v. Sup. Court*, 16 Cal. 4th

6   35, 46 n.10 (1997) (holding that the duty to defend is dependent on "at least potential

7   coverage."). As noted in the Court's Order (dkt. no. 57 at 10), "the duty to defend may

8   exist even where coverage is in doubt and ultimately does not develop . . . ."  *Kazi v.*

9   *State Farm Fire and Cas. Co.*, 24 Cal. 4th 871, 879 (2001); *see also Quan v. Truck Ins.*

10  *Exch.*, 67 Cal. App. 4th 583 (1998). "[F]or an insurer, the existence of a duty to defend

11  turns not upon the ultimate adjudication of coverage under its policy of insurance, but

12  upon those facts known by the insurer at the inception of a third party lawsuit."

13  *Montrose*, 4 Cal. 4th at 295 (internal citations and quotations omitted).

14      Because the Court determined that the *potential* for coverage existed here, it was

15  not clear error to hold that ASIC had a duty to defend Jaynes under the at-issue

16  insurance contract.

17  **II.   CONCLUSION**

18      The Court notes that the parties made several arguments and cited to several

19  cases not discussed above.  The Court has reviewed these arguments and cases and

20  determines that they do not warrant discussion as they do not affect the outcome of the

21  Motion.

22      IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (dkt. no.

23  62) is DENIED.

24      DATED THIS 17th day of May 2013.

25

26      _____

27      MIRANDA M. DU
        UNITED STATES DISTRICT JUDGE

28