UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAYNES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY; NEVADA CONTRACTORS INSURANCE COMPANY, INC.; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:10-cv-00764-MMD-GWF<br><br>ORDER<br><br>(Plf.'s Motion for Summary Judgment or, alternatively, Partial Summary Judgment against American Safety Indemnity Company – dkt. no. 59) |

## I. SUMMARY

Before the Court is Plaintiff Jaynes Corporation's Motion for Summary Judgment or, alternatively, Partial Summary Judgment against American Safety Indemnity Company. (Dkt. no. 59.) For the reasons discussed below, the Motion is denied.

## II. BACKGROUND

This is an insurance coverage dispute. The particular facts are set forth in the Court's prior Order (dkt. no. 57) in which the Court determined that Defendant American Safety Indemnity Company ("ASIC") had a duty to defend Plaintiff Jaynes Corporation ("Plaintiff") in the state court action entitled *Sun City Anthem Community Association v. Del Webb Communities* (the "Underlying Action") and was responsible for the reimbursement of reasonable defense costs less the amount of the Self-Insured Retention (the "SIR"). The Court instructed the parties to meet and confer to attempt to

agree on the amount of damages. Unfortunately, no agreement could be reached and Plaintiff filed this Motion for Summary Judgment.

Plaintiff seeks summary judgment on two issues. First, Plaintiff seeks a determination that the total sum of its litigation costs in the Underlying Action was $204,613.00. Second, because the subsequent policies contain an increased SIR amount, Plaintiff seeks a determination that the policy dated 2002-2003 sets the applicable SIR. ASIC challenges both of Plaintiff's assertions on a number of grounds.

## III.  DISCUSSION

### A.  Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).

///

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### B. Analysis

Plaintiff asserts that the total defense costs in the underlying action are $204,613.00 and the applicable SIR is $5,000.00. ASIC argues that both of those numbers are subject to material disputes such that summary judgment is precluded. ASIC argues that Plaintiff has not provided evidence of the total litigation amount that is sufficiently detailed. ASIC further argues that this lack of detail does not allow for a determination as to the reasonableness of the costs, for an apportionment of costs between the various negligent sub-contractors and their respective insurance companies, or for a subtraction of the costs of prosecuting Plaintiff's counterclaim. Additionally, ASIC argues that the 2002-2003 policy does not set the applicable SIR, and that it had no duty to defend as payment of the SIR was a condition precedent to coverage.

Initially, the Court notes that "[i]t is well established that where an insurer has a duty to defend, the obligation generally applies to the entire action, even though the suit involves both covered and uncovered claims, or a single claim only partially covered by the policy." *Presley Homes, Inc. v. Am. States Ins. Co.*, 90 Cal.App.4th 571, 575 (2001).

Thus, ASIC's argument that costs should be apportioned is unavailing; its duty to defend extends to the entire lawsuit. While ASIC may have a claim for equitable contribution from other insurance companies involved, that right cannot be enforced against the insured. *See Transcon. Ins. Co. v. Ins. Co. of State of Pennsylvania*, 148 Cal.App.4th 1296, 1303 (2007) (*citing Md. Casualty Co. v. Nationwide Mut. Ins. Co.*, 81 Cal.App.4th 1082, 1088 (2000)).

Additionally, ASIC's argument that the non-payment of the SIR did not trigger coverage is an attempt to re-litigate what the Court has previously determined. Because ASIC affirmatively denied coverage, it cannot now argue that the non-payment of the SIR constitutes a failed condition precedent. The Court's prior Order held that ASIC had a duty to defend Plaintiff. ASIC's attempt to re-argue this point is inappropriate.

Nonetheless, summary judgment must be denied due to the lack in specificity of Plaintiff's evidence. The Court's prior Order determined that Plaintiff was entitled to reimbursement for *reasonable* defense costs. To prove reasonable costs, Plaintiff submits the affidavit of its trial counsel, which states nothing more than a $204,613.00 lump-sum figure for litigation costs and an attestation that the sum is reasonable. This is insufficient. For an affidavit to adequately prove defense costs, it must be sufficiently detailed to provide a basis for calculation. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993). Generally, this requires a showing of the hours and rates charged so that the reasonableness of the listed charges may be assessed. *See, e.g., Jordan v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987). Here, the affidavit of Plaintiff's trial counsel provides no indication of how many hours were worked, on what, by whom, or what rate was charged. Additional costs, separate from attorney' fees, are also not enumerated. Consequently, it is impossible for the Court to determine if the sum stated by Plaintiff reflects *reasonable* defense costs.

In its Reply, Plaintiff argues that the required showing should be less stringent because it is showing damages rather than making a motion for attorneys' fees. However, damages must still be established with sufficient evidence. Plaintiff relies on

*Aerojet General Corp. v. Transport. Indmen. Co.*, 17 Cal.4th 38, 64 (1997), for the proposition that "where the insurer has breached its duty to defend, such costs are presumed to be reasonable and necessary, and the burden of proof is on the insurer to rebut this presumption." The *Aerojet* case is distinguishable because the issue was whether expenses submitted for a site inspection were reasonable and necessary litigation costs. *Id.* at 63-64. Although specific costs may be presumed reasonable, a party still must submit sufficient detail to provide notice of what those costs are such that the opposing party has an opportunity to rebut the presumption with evidence or argument. As Plaintiff's evidence does not accomplish this, it is insufficient to support summary judgment.

The Court also agrees with ASIC that Plaintiff should not be able to recover the costs incurred in prosecuting its counterclaim. "The duty to defend [does] not extend to requiring the insurer to take affirmative action to recover money." *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal.App.4th 1093, 1104-1105 (2001) (citing *Silva & Hill Constr. Co. v. Employers Mut. Liab. Ins. Co.*, 19 Cal.App.3d 914 (1971)). The lack of specificity in the proffered affidavit makes it impossible to separate the non-collectable offensive litigation costs from the total costs incurred in the Underlying Action.

Similarly, there is not enough evidence to determine that the 2002-2003 policy sets the applicable SIR. To establish coverage under a particular policy, the plaintiff bears the burden of showing a loss "apparently within the terms of [a] policy." See *Nat'l Auto. & Cas. Ins. Co. v. Havas*, 75 Nev. 301, 303 (1959). Although the Court determined that the loss was generally covered under the policies,[1] Plaintiff has not produced any evidence showing that 2002-2003 policy is specifically implicated. The sole evidence

---

[1] Plaintiff erroneously references the Court's prior Order (dkt. no. 57) as establishing that the occurrence was continuous across all policy periods, and thus the harm fell specifically within the first policy period. However, no such holding is found within the Court's prior Order. Rather, the Court noted the parties' various positions as to which SIR should apply, and instructed the parties to attempt to resolve the issue on their own.

Plaintiff proffers in support of its argument that the 2002-2003 policy controls is a letter from ASIC stating, "if [ASIC] determines the claim is covered, then the insured must provide immediate payment of the $5,000.00 [SIR]." However, the letter was responding to Plaintiff's demand letter and was requesting information for ASIC's initial investigation of the claim. Viewing the facts in the light most favorable to the non-moving party, this reminder about the SIR, preliminary to any investigation or determination of coverage, was not an admission that the 2002-2003 policy was controlling. Thus, Plaintiff has not met its burden of showing that the 2002-2003 policy sets the applicable SIR and that it is entitled to judgment as a matter of law on this issue.

## IV. CONCLUSION

It is therefore ordered that Plaintiff Jaynes Corporation's Motion for Summary Judgment or, alternatively, Partial Summary Judgment against American Safety Indemnity Company (dkt. no. 59) is denied.

DATED THIS 26th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE