UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYNES CORPORATION,<br><br>                        Plaintiff,<br>     v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY; NEVADA CONTRACTORS INSURANCE COMPANY, INC.; and DOES 1-10, inclusive,<br><br>                      Defendants. | Case No. 2:10-cv-00764-MMD-GWF<br><br>ORDER |

## I.  INTRODUCTION

Following summary judgment proceedings, trial in this case is limited to the issue of damages on Plaintiff Jaynes Corporation's ("Jaynes") claim for breach of contract on defendant American Safety Indemnity Company's ("ASIC") failure to provide a defense of Jaynes in the underlying action, *Sun City Anthem Community Association v. Del Webb Communities, et. al.*, Clark County District Court Case No. A-10-608708-D ("the Underlying Action"). (Dkt. no. 57.) As the Court found in the order on the parties' cross motions for summary judgment, ASIC must compensate Jaynes for reasonable costs incurred in the defense of the underlying action, except for the amount that Jaynes must

pay ASIC pursuant to the self-insured retention ("SIR"). (*Id.*) ASIC has filed nine (9) motions in limine.[1] (Dkt. nos. 84–92.) The Court will address each motion in turn below.

## II.  BACKGROUND

The scope of this insurance dispute has been narrowed by two previous orders. In the first order, issued on December 26, 2012, the Court determined that ASIC had a duty to defend Jaynes in the Underlying Action and was responsible for the reimbursement of reasonable defense costs less the amount of the SIR. (Dkt. no. 57.) In the second order, issued on September 26, 2013, the Court found that the evidence that Jaynes offered in support of its motion for summary judgment on its damages lacked sufficient detail for the Court to determine whether the fees and costs were reasonable. (Dkt. no. 77.) The Court found that ASIC is not entitled to apportion costs to pay for only claims that are covered under the applicable policies.

Discovery in this case closed on January 31, 2012. (Dkt. no. 28.) Before the Court issued the first order addressing summary judgment in December 2012, the parties in the Underlying Action reached a settlement. Jaynes filed a notice of entry of order dismissing the Underlying Action on January 17, 2013. (Dkt. no. 112-1 at 118-126.)[2]

The subject of several of ASIC's motions in limine is Jaynes' counsel's billing statements. In response to a discovery request seeking all documents relating to the fees and costs Jaynes incurred in defense of the Underlying Action, Jaynes responded

---

[1] Many of the motions contain an identical background discussion and offer the same exhibits. Several of the motions request the same relief (i.e., exclusion of Jaynes' counsel's billing statements not produced before the discovery cut-off) albeit on different grounds. Three of the motions involve evidence that Jaynes represents it will not seek to introduce and would have been unnecessary had the parties conferred in advance or in connection with the preparation of the proposed joint pretrial order. It would have been a more cost effective and efficient use of judicial resources had ASIC filed one global motion instead of nine separate motions.

[2] The Court takes judicial notice of attached copies of relevant publicly recorded documents. See *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

that it would produce "invoice summaries" from its counsel. (Dkt. no. 84 at 4-5.) In October 2011, Jaynes supplemented its responses to produce its counsel's legal invoices for the Underlying Action for the period from May 13, 2009, to September 30, 2011. (*Id.*) Jaynes produced the balance of its counsel's invoices on February 4, 2014, after ASIC had filed its motions in limine, as part of Jaynes' amended fourth supplemental disclosures. Jaynes' fourth supplemental disclosures also included a "loss run report" and Rule 26 computation of damages. (Dkt. no. 93 at 5.) Jaynes also offered for its counsel to be deposed at that time.

## III. LEGAL STANDARD

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Hawthorne Partners v. AT & T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without

the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## IV. MOTIONS IN LIMINE

### A. Motion in Limine Nos. 1 and 2 (dkt. nos. 84, 85)

ASIC argues that four categories of documents should be excluded at trial: (1) Jaynes' counsel's billing statements from the instant case; (2) Jaynes' counsel's billing statements from the Underlying Litigation since September 30, 2011; (3) Jaynes' "loss run report"; and (4) Jaynes' Calculation of Each Category of Damages. ASIC argues that these documents should be excluded because they were not produced until long after the close of discovery and after the dismissal of the Underlying Action. Jaynes responds that category 1, the billing statements from this litigation, is not relevant to this trial as any fees for prosecution of this case will be sought post-trial. (*See* dkt. no. 93 at 2.) The Court will therefore not consider these documents.

Jaynes did not produce the documents in category 2 to ASIC until February 4, 2014. (*Id.* at 2.) Jaynes argues that they should nonetheless be admitted as ASIC failed to request supplemental production and is not prejudiced since ASIC knew the basis of Jaynes' damages and was offered the opportunity to depose Jaynes' counsel. Jaynes did not produce the document in category 3, the "loss run report", or the document in category 4, the calculations, until February 12, 2014. (*See id.*; dkt. no. 94 at 4.) Jaynes argues that it is merely a summary of the information contained in the billing statements for the Underlying Action. (*See* dkt. no. 93 at 2.) Regarding category 4, ASIC seeks to exclude a calculation of damages for Jaynes' fees in the Underlying Action, Jaynes' damages in prosecuting the instant case, and Jaynes' damages paid to settle the Underlying Action. (*See* dkt. no. 85 at 5.) Jaynes states that it is not seeking damages at this stage for either prosecuting the instant case or settling the Underlying Action. As a result, the Court need only consider ASIC's request to exclude Jaynes' calculation of damages for the Underlying Action. The relevant information regarding all disputed

///

documents in ASIC's first and second motions in limine, therefore, is derived from Jaynes' counsel's billing statements from the Underlying Action.

It is clear that Jaynes' supplemental disclosures were not timely. ASIC did not have the responsibility to request that Jaynes supplement its production. Jaynes has an ongoing obligation to supplement its disclosures and discovery responses. *See* Fed. R. Civ. P. 26(e) (explaining that disclosures and discovery responses must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete and incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). Additionally, in this case, there were several triggering events that should have made clear to Jaynes that it was obliged to supplement its discovery responses. First, discovery in this case closed on January 31, 2012. (Dkt. no. 28.) Second, Jaynes filed a notice of entry of order dismissing the Underlying Action on January 17, 2013, indicating a final date in which billing statements in the Underlying Action could accrue. (Dkt. no. 112-1 at 118-126.) And finally, the Court's September 26, 2013, Order found explicitly that Jaynes' evidence in support of its damages lacked sufficient detail for the Court to determine whether the fees and costs were reasonable. (Dkt. no. 77.) Despite the ongoing obligation and these three significant events, Jaynes failed to supplement its disclosures. It was not until after ASIC filed its motions in limine that Jaynes supplemented its disclosures.

When a party violates Rule 26, sanctions may be imposed under Rule 37(c)(1), unless "the failure was substantially justified or is harmless." Jaynes has the burden of demonstrating that its failure is justified or harmless. *See Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). Jaynes has failed to provide justification for its failure to timely supplement. Jaynes' primary argument is that not all invoices were available by the close of discovery. While the parties dispute the accuracy of Jaynes' contention that some invoices were unavailable at the close of discovery, even assuming that contention

///

is correct, it does not justify waiting over a year after the Underlying Action settled to provide the missing invoices.

Jaynes argues that ASIC was not harmed because ASIC received all documents between six and eight weeks before trial and therefore had sufficient time to investigate the reasonableness of Jaynes' invoices. Jaynes also states that it offered to make counsel available for deposition to ASIC. (*See* dkt. no. 93 at 8.) In response, ASIC states that as a result of the delay, it has not had the opportunity to adequately investigate the billings statements and conduct discovery on Jaynes' claimed damages following September 30, 2013. (Dkt. no. 112 at 4-5.)

The Court finds that Jaynes has not met its burden to demonstrate that it has not caused ASIC harm by failing to supplement its discovery in a timely way. While the Court finds it unlikely that ASIC will need to conduct significant discovery, ASIC's ability to challenge Jaynes' damages claims is essential to trial. ASIC was not given a full opportunity to prepare, and it appears that it only has access to the disputed documents now because it filed motions in limine. While the Court finds that Rule 37(c)(1) is triggered, excluding evidence from trial is a particularly severe sanction. In this case, ASIC does have the opportunity to conduct limited investigation prior to trial and Jaynes has offered to allow ASIC to depose Jaynes' counsel. The Court therefore finds it appropriate to order Jaynes to pay ASIC's reasonable attorney's fees incurred in briefing its Motion in Limine No. 1 and Motion in Limine No. 2. *See* Fed. R. Civ. P. 37(c)(1)(A). ASIC may also provide the Court with a proposed jury instruction addressing Jaynes' failure to supplement discovery in a timely fashion. *See* Fed. R. Civ. P. 37(c)(1)(B).

///
///
///
///
///
///

### B.     Motion in Limine No. 3 (dkt. no. 86)

ASIC asks the Court to exclude all "summary" evidence of Jaynes' claimed fees and costs. Jaynes has apparently offered three categories of summary evidence: (1) invoice summaries of defense cost in the Underlying Action;[3] (2) summary of invoices relating to the fees and costs incurred in connection with this action; and (3) summary of indemnity payment to settle the Underlying Action.  Jaynes argues that category two is not an issue at trial but will be the subject of post-trial motion and category three is not an issue because it is not seeking recovery of the settlement payment.

As to the first category, it is not clear from the records what the "summary" evidence is that ASIC claims is objectionable.  In its motion, ASIC identifies a document bates stamped as JAYNES 00213 and entitled "Summary of fees and costs incurred and paid" that was apparently produced in October 2011. (Dkt. no. 86 at 4.) Jaynes represents that it assumes this category of evidence incudes the "loss run report" that it produced in February 2014. (Dkt. no. 95 at 2.)  However, the filed "loss run report" is not legible.

ASIC asserts three objections to the first category of evidence:  (1) because the underlying invoices post-September 2011 were not timely disclosed and should be excluded, the summaries that predicated on these invoices are inadmissible; (2) invoices are inadmissible hearsay because Jaynes has failed to establish proper foundation for them to be admitted; and (3) the underlying invoices are not sufficiently voluminous to support the use of summary evidence under Federal Rule of Evidence 1006.  The Court already addressed the first objection and declined to exclude the underlying invoices.

Jaynes argues that it intends to lay the proper foundation at trial and the invoices should be admitted as records of a regularly conducted activity under Federal Rule of Evidence 803(6). It also argues that the invoices are sufficiently voluminous as the

---

[3]It appears that ASIC is referring to the "loss run report" that Jaynes produced in February 2014.  According to Jaynes, this report contains a summary of the information in its counsel's invoices.  The filed "loss run report" is not legible.

invoices consist of about 400 pages and thus are covered under Rule 1006. However, the Court cannot resolve the admissibility issue at this time in light of Jaynes' representation as to its proffered foundational testimony at trial. Moreover, ASIC's motion does not clearly identify the "summary" for the Court to review. Accordingly, the Court declines to rule on ASIC's objections at this time. ASIC's motion is denied without prejudice. ASIC may raise its objection as to admissibility at trial.

### C. Motion in Limine No. 4 (dkt. no. 87)

ASIC seeks to exclude any evidence relating to the contents of any settlement agreement in the Underlying Action, claiming that Jaynes has not produced a copy of the settlement agreement. ASIC argues that any forms of secondary evidence used to establish the amount Jaynes allegedly agreed to pay to resolve the Underlying Action violates Federal Rule of Evidence 1002 and is also inadmissible as hearsay under Federal Rule of Evidence 802. Jaynes counters that it is not seeking as damages the amount it paid to settle the Underlying Action. ASIC's motion is therefore denied as moot.

### D. Motion in Limine No. 5 (dkt. no. 88)

ASIC seeks to exclude any expert opinion evidence. Jaynes agrees and claims it only reserves the right to present lay opinion testimony. ASIC's motion is denied as moot.

### E. Motion in Limine No. 6 (dkt. no. 89)

ASIC asks the Court to exclude witnesses from the courtroom pursuant to Federal Rules of Evidence 611 and 615. Rule 615 requires the court to exclude witnesses from the courtroom at a party's request. However, Rule 615 does not authorize excluding: "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (c) a person authorized by statute to be present." Fed. R. Evid. 615. Rule 611 permits the court to "exercise reasonable control over the mode and order of

examining witnesses and presenting evidence" to effectuate certain goals, including "procedures for effective determination of truth." Fed. R. Evid. 611(a).

Jaynes has designated two witnesses to testify at trial, James Rosell and Nicholas Wieczorek. Jaynes represents that Mr. Rosell will be designated as a party representative and falls within the Rule 615(b) exception. Jaynes further contends that Mr. Wieczorek is covered under Rule 615(c) because, as trial counsel, his presence is essential to presenting Jaynes' claims and defenses.[4]

The Court agrees with Jaynes that both witnesses fall within the categories of witnesses who may not be excluded under Rule 615. Moreover, based on the records before the Court, allowing both witnesses to be present in the courtroom under Rule 615 would not undermine the goals established under Rule 611 in a way that would require the Court to exclude either witness from the courtroom.[5]

ASIC's motion in limine no. 6 is denied.

F.     Motion in Limine No. 7 (dkt. no. 90)

ASIC argues that Jaynes is not entitled to the evidentiary presumption and should be precluded from offering any evidence relating to its alleged damages settling the Underlying Action because Jaynes has failed to produce the settlement documents. Jaynes counters that it is not seeking the settlement payment as an element of its damages. ASIC's motion appears to be rendered moot by Jaynes' concession that it is not seeking the settlement payment as damages. ASIC's motion is denied as moot.

G.     Motion in Limine No. 8 (dkt. no. 91)

ASIC seeks to exclude evidence relating to (1) damages as evidence by invoices that were redacted pursuant to the attorney-client privilege; (2) pre-tender fees and

---

[4] In response to ASIC's argument that Jaynes has not demonstrated how Mr. Wieczorek will be cross examined, Jaynes argues that such a showing is not required under Rule 615(c), and, in any event, Mr. Hellenkamp, who has been admitted to appear pro hac vice (dkt. no. 110), will elicit testimony from Mr. Wieczorek.

[5] The Court need not reach the issue of whether it may exclude a witness who cannot be excluded under Rule 615 pursuant to its authority to control the mode and order of witness presentation under Rule 611.

1  costs; and (3) damages not caused by ASIC's named insured's on-going operations for
2  Jaynes. Jaynes contends it is not seeking pre-tender fees and costs so ASIC's motion
3  with respect to this category of evidence is moot. Jaynes further argues that the Court
4  already determined that ASIC's duty to defend extends to the entire Underlying Action
5  but not does cover Jaynes' counterclaims. The Court agrees that these issues have
6  been addressed in its previous Order. (*See* dkt. no. 77.) The Court will therefore address
7  the first category of evidence relating to the redacted invoices.

8  ASIC contends that Jaynes only produced legal invoices from May 13, 2009, to
9  September 30, 2011, before the close of discovery and these invoices were redacted
10 ("Redacted Invoices") and were not supplemented with unredacted invoices even after
11 the Underlying Action settled. ASIC argues that because of the redaction, it cannot
12 determine whether the services relate to the defense of the Underlying Action and for
13 what purpose, and Jaynes cannot withdraw its privilege objection on the verge of trial.
14 Jaynes claims that the redactions were minor and relate primarily to matters of attorney-
15 client communication and attorney work product. Jaynes also produced a copy of the
16 unredacted invoices on February 4, 2014.

17 As an initial matter, the Court agrees with ASIC's characterization of the redacted
18 materials. The majority of the redactions make it impossible for the reader to determine
19 the nature of the services rendered. Some redactions include the entire text of the
20 description of the work performed. (*See e.g.* dkt. no. 91-5 at 10, 11, 15.) Even where
21 the redactions left some text, they still provide no meaningful information about the work
22 performed. Take for example the description on August 28, 2009; the text after the
23 redaction is as follows: "Email with client." (Dkt. no. 91-5 at 32.) Because the subject of
24 the email was redacted, the reader would not be able to discern whether the work
25 involved the defense of the Underlying Action.

26 However, the Court finds ASIC cannot demonstrate that it has been prejudiced by
27 the redactions. While entire descriptions were redacted, a substantial portion of the
28 descriptions in the Redacted Invoices were not and put ASIC on sufficient notice of the

work performed and the fees and costs incurred in defending the Underlying Action. Moreover, Jaynes produced the unredacted versions of the invoices over two months before trial. ASIC thus should have ample time to review the unredacted invoices and cross-examine Jaynes' witnesses about the fees and costs.

### H. Motion in Limine No. 9 (dkt. no. 92)

ASIC argues that Jaynes cannot establish the element of damages on its breach of contract claim because Jaynes' own insurance carrier, American Contractors Insurance Company ("ACIG"), paid for its defense. ASIC argues in the alternative that the Court should apportion the costs of defense to disallow full recovery by Jaynes. However, the Court already resolved these issues on summary judgment. The Court found that ACIG did not pay for Jaynes' defense cost and rejected ASIC's argument that Jaynes lacks standing to pursue its claim for recovery of defense costs incurred in connection with the Underlying Action. (Dkt. no. 57 at 4-6.) The Court also rejected ASIC's argument that defense costs should be apportioned. (Dkt. no. 77 at 2-3.) ASIC's motion in limine no. 9 is therefore denied.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues raised in ASIC's motions in limine.

ASIC's motions in limine are resolved as follows:

Motion in limine nos. 1 and 2 (dkt. nos 84, 85) are denied in part and granted in part. The Court declines to exclude Jaynes' untimely discovery supplements at trial. However, the Court finds that it is appropriate to impose sanctions under Rule 37(c)(1) and ASIC is ordered to file an affidavit describing the fees it incurred briefing its Motion in Limine no. 1 and Motion in Limine no. 2. Jaynes is permitted to file a timely response. It is further ordered that ASIC may provide the Court with a proposed jury instruction addressing Jaynes' failure to timely supplement its discovery disclosures and responses.

Motion in limine no. 3 (dkt. no. 86) is denied without prejudice to ASIC raising its objections at trial.

Motion in limine nos. 4, 5 and 7 (dkt. nos. 87, 88, 90) are denied as moot.

Motion in limine nos. 6, 8 and 9 (dkt. nos. 89, 91, 92) are denied.

DATED THIS 20th day of March 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE