UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAYNES CORPORATION,

                Plaintiff,

    v.

AMERICAN SAFETY INDEMNITY
COMPANY, et al.,

                Defendants.

Case No. 2:10-cv-00764-MMD-GWF

BENCH ORDER

## I.    INTRODUCTION

Trial in this case was limited to the issue of damages on Plaintiff Jaynes Corporation's ("Jaynes") claim for breach of contract on defendant American Safety Indemnity Company's ("ASIC") failure to provide a defense of Jaynes in the underlying action, *Sun City Anthem Community Association v. Del Webb Communities, et. al.*, Clark County District Court Case No. A-10-608708-D ("*Sun City* Action" or "Underlying Action"). (Dkt. no. 57.) The Court granted the parties' stipulation to withdrawal of ASIC's jury demand (dkt. no. 115), and held a one-day bench trial on April 1, 2014 (dkt. no. 131).

## II.    FINDINGS OF FACT[1]

The Court finds that Jaynes incurred fees defending itself in the *Sun City* Action and that those are the fees Jaynes seeks in the instant case. ASIC had a duty to defend Jaynes in the *Sun City* Action and is therefore obligated to pay the reasonable and necessary expenses Jaynes incurred.

---

[1]Defendant asks the Court to make extensive findings of fact in its Order. The Court, however, resolved all issues at the summary judgment stage except for the narrow issue of damages. As a result, the Court need only address that question in this Order.

III.     **CONCLUSIONS OF LAW**

When the insurer has breached its duty to defend, the insured carries the burden of proof regarding the existence and the amount of the expense. Once that burden is met, the expenses are presumed to be reasonable and necessary and it is the insurer that then carries the burden of proof to demonstrate that they are actually unreasonable and unnecessary. *See Aerojet-General Corp. v. Transp. Indem. Co.*, 17 Cal. 4th 38, 64 (1997); *State of Cal. v. Pacific Indem. Co.*, 63 Cal. App. 4th 1535, 1549 (1998). In *Pacific Indemnity*, the insured met its burden "when it demonstrated the hours worked and provided testimony that the work was all related to the defense." 63 Cal. App. 4th at 1549.

A.     **Jaynes' Burden**

In the Court's order denying Plaintiff's motion for summary judgment on damages, the Court found that while the insured's expenses are presumed reasonable and necessary in a case in which the insurer breached its duty to defend, the insured must still provide sufficient evidence so that the opposing party can rebut the presumption with evidence or argument. (Dkt. no. 77 at 5.) The Court noted that, generally, the insured is required to show the rates charged, the hours worked, and what the hours were spent addressing. *See, e.g., Jordan v. Multnomah Cnty.,* 815 F.2d 1258, 1262–63 (9th Cir. 1987).

At trial, Plaintiff provided the invoices generated by Morris, Polich & Purdy, LLP ("MPP") in its representation of Jaynes in the Underlying Action as Plaintiff's Exhibit 1. Additionally, Plaintiff provided as Plaintiff's Exhibit 2 the payment history for the General Contractor, dated July 22, 2013, and as Plaintiff's Exhibit 3 the checks served upon Nicholas M. Wieczorek, the handling attorney at MPP for the *Sun City* Action, in compensation for the firm's work on the *Sun City* Action.

Mr. Wieczorek testified to the process by which MPP tracked its time spent on the *Sun City* Action. Mr. Wieczorek explained that each attorney and paralegal recorded his or her time in the Elite system that the firm uses, the firm generated a prebill each month

2

1   that Mr. Wieczorek reviewed for accuracy, and then the firm prepared a final bill that was

2   then sent to the client. Jaynes paid each final bill in full. Mr. Wieczorek also explained

3   that he reported to Jaynes throughout the case, including written status updates and

4   phone calls with Jim Rosel, who was the vice-president and general counsel for Jaynes

5   during the *Sun City* Action.

6       Plaintiff's Exhibit 1, Mr. Wieczorek testified, includes a copy of every bill

7   generated in the *Sun City* Action from the beginning of the case to its conclusion. Mr.

8   Wieczorek testified that the bills total $178,422.07. This figure, Mr. Wieczorek explained,

9   does not include a number of costs for bills that Jaynes paid directly. Because those bills

10  went directly to the client, Mr. Wieczorek did not include those costs in his total.[2] Mr.

11  Wieczorek also identified the entries that were related to pursuit, totaling $8,230, and

12  subtracted them from the fees total. As a result, Jaynes seeks a total of $170,192.07 in

13  fees, from which Jaynes agrees the Court will deduct the self-insured retention ("SIR").

14      ASIC presented a single witness at trial, Jean Fisher, corporate claims counsel at

15  ASIC during the relevant period of time. Ms. Fisher testified that ASIC's calculation of the

16  invoices in Exhibit 1 totals $176,199.07, compared to Mr. Weiczorek's calculation of

17  $178,422.07. Ms. Fisher also subtracted the fees related to pursuit totaling $8,230.[3]

18  Thus, ASIC testified that $167,969.07 is the baseline fee calculation for Jaynes. It is from

19  this baseline calculation that ASIC argues a number of charges should be subtracted as

20  unreasonable and unnecessary, discussed in Section III.B. *infra*.

21      After considering the exhibits, and the testimony Plaintiff presented at trial

22  explaining the calculations, the Court finds that Jaynes' requested fees are reasonable

23  and necessary. However, the Court's own calculation totaling the invoices from Exhibit 1

---

24  [2]Despite not including these costs in Plaintiff's total requested fees, Plaintiff
25  included the bills for each of these costs in Plaintiff's Exhibit 1 without marking them as
    such. As a result, the Court was required to expend unnecessary judicial resources
26  wading through Plaintiff's Exhibit 1 in order to verify the parties' calculations.

27  [3]Ms. Fisher testified that this calculation of pursuit fees is too low and that
    $28,000 should in fact be deducted. This argument is addressed in Section III.B.ii.b. *infra*
28  as it concerns ASIC's burden to show that certain fees are in fact unreasonable and
    unnecessary.

matches neither Plaintiff's nor Defendant's.[4] The Court's calculation of fees from Exhibit 1, excluding costs, totals $176,199.92. The Court has identified its discrepancy with Defendant's calculation. Defendant's Exhibit 512 erroneously listed the total invoice amount from invoice number 185566 as $16,139,[5] instead of the correct amount of $16,139.85, resulting in the Court's calculation being $.85 higher. The Court cannot provide an explanation for the discrepancy between its number and the number provided by Plaintiff as Plaintiff failed to provide the Court with a breakdown of its calculations.

The Court finds that Jaynes has met its initial burden to demonstrate that it incurred $167,969.92 ($176,199.92 minus $8,230 in pursuit fees) in reasonable and necessary attorneys' fees in defending itself in the *Sun City* action.

**B.    ASIC's Burden**

As the Court finds that Jaynes has met its initial burden, ASIC carries the burden of demonstrating that the fees are actually unreasonable and unnecessary.

In attempting to meet its burden, ASIC relied repeatedly throughout trial upon its own coverage standards to argue that particular charges are unreasonable or unnecessary. As the Court has previously found, ASIC declined to defend Jaynes in the *Sun City* Action, thus breaching its duty to defend. (*See* dkt. no. 57.) It is inappropriate for ASIC to imply at trial that its own policies determine which costs it should pay Jaynes for its *Sun City* defense. Instead, in challenging Jaynes' fees, ASIC must demonstrate that any disputed fees are unreasonable and unnecessary under the case law of this jurisdiction, not its own policy.

///

///

---

[4] The parties did not explain to the Court the reason for the discrepancy between their respective calculations. The parties could have easily resolved their discrepancy and stipulated to a baseline figure, or at least explained to the Court the source of the discrepancy, rather than require the Court to go carefully through every invoice to reach its own total.

[5] Given that Defendant's Exhibit 512 did not provide the cents for invoice number 185566 and all other figures represented in the Exhibit included cents, even when the cents were ".00", the Court assumes that the mistake was merely a typographical error.

1           1.     **Reasonable**

2           a.     **Hourly Rate**

MPP calculated its fees based on the rates outlined in the firm's fee agreement with Jaynes: $250 per hour for partner, $200 per hour for associates, and $100 per hour for paralegals and law clerks. Jaynes paid all bills in full at the rates outlined in the fee agreement.[6] ASIC does not appear to challenge the reasonableness of these rates[7] and the Court finds no reason to question them.

In order to decide what rate is reasonable, courts look at prevailing market rates in the relevant community." *J.C. v. Vacaville Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 2475, at *14 (E.D. Cal. Jan. 10, 2007). "Generally, the relevant community is the forum in which the district court sits." *Id.* While Plaintiff provided the Court with no evidence that the requested rates are in line with those prevailing in the community, it is Defendant's burden to demonstrate that they are unreasonable. The only evidence that Defendant introduced regarding rates was Ms. Fisher's testimony that the panel counsel rate for defending an insured in Nevada is $150 per hour or $175 per hour. Simply stating that the negotiated panel rate is somewhat lower is not sufficient evidence for the Court to find the rates charged by MPP to be unreasonable. In fact, based on the Court's familiarity with the billing rates in this jurisdiction, the Court finds MPP's rates in this case to be on the low side and certainly more than reasonable.

           b.     **Fees**

Setting aside the question of whether Jaynes should have the opportunity to recover fees for litigation of its affirmative claims, discussed in Section III.B.1 *infra*, ASIC objects to the reasonableness of four categories of fees charged by Jaynes: (1) fees that appear to be duplicates; (2) fees charged for work following a settlement offer; (3) fees

---

[6]At trial, ASIC attempted to improperly re-argue the Court's previous finding that Jaynes paid for the defense cost of the Underlying Action. (*See* Order, dkt. no. 57, 4-6.)

[7]It is not clear to the Court that Ms. Fisher's testimony regarding panel counsel rates in Nevada is a challenge to the reasonableness of MPP's charged rates.

1    that appear secretarial in nature; and (4) fees that appear to be "excessive." The Court

2    will address each category of disputed fees in turn.

3                                    **i.        Duplicates**

4         During the trial, Ms. Fisher pointed out a number of fees in Plaintiff's Exhibit 1 that

5    she identified as being duplicative. Ms. Fisher listed each allegedly duplicative charge in

6    Defendant's Exhibit 514, totaling $4,420, which ASIC asks this Court to subtract from

7    Jaynes' total fee award.

8         Ms. Fisher testified that invoice number 177212, for example, includes a number

9    of entries that appear to be duplicative. (*See* Plf.'s Ex. 1, Bates Nos. 2110–2121.) On

10   June 1, 2011, MPP charged .20 hours for "Review of notices regarding witness

11   depositions" for a total fee of $50. Directly under this entry is an entry on the same day,

12   with the same description, charging for the same amount of time.

13        The Court finds that ASIC has not met its burden to demonstrate that these fee

14   entries are in fact duplicative. Jaynes, as the Court discussed in Section III.A. *supra*, has

15   met its burden in establishing the reasonableness of its requested fees. It is, therefore,

16   ASIC's burden to demonstrate that certain fees are in fact unreasonable. Ms. Fisher has

17   no insight into the work charged for these respective fees beyond reading the entries

18   themselves. While the Court notes that Ms. Fisher's observations are certainly correct,

19   that there are a number of identical entries in Plaintiff's Exhibit 1, there are many

20   plausible explanations for why there are repeat entries.[8] ASIC had the opportunity to

21   cross-examine Mr. Weiczorek, who does have personal knowledge of the work

22   performed, but failed to ask Mr. Weiczorek a single question about the purported

23   duplicative fees. As a result, the Court finds that ASIC did not meet its burden to

24   establish that these fees were in fact duplicative and unreasonable.

25   ///

26   ///

27   ─────────────────────

28        [8]One possible explanation is that there were a number of deposition notices reviewed at separate times during the day in question.

### ii.    Post-Settlement Fees

Second, ASIC argues that it was unreasonable for Jaynes to charge any attorneys' fees after the mediator contacted Mr. Wieczorek on June 6, 2012, to inform him that the case had reached a global settlement for two million dollars. Ms. Fisher stated that she does not believe the duty to defend includes shepherding the case through dismissal. As a result, Ms. Fisher recommended striking every charge following the June 6 conversation. When asked what happens if a settlement falls apart, Ms. Fisher stated that the duty to defend would resume. Despite her position that post-settlement costs do not fall within the duty to defend, Ms. Fisher may in practice pay post-settlement costs.

The Court does not find that ASIC has met its burden to demonstrate that the post-settlement fees are unreasonable. Creating an arbitrary cut-off at the time a settlement is announced would mean that the duty to defend includes the negotiation of a settlement but not finalizing the settlement and ensuring that defense of Plaintiff actually reached the final conclusion of the lawsuit (i.e., dismissal). Such a cut-off is one of many examples of Defendant advocating for formalism without regard to the purpose behind the litigation. If a party's goal in defending itself is to resolve a case, it is necessary to not simply accept a settlement offer but to finalize a settlement agreement and obtain dismissal

### iii.    Secretarial

Third, Ms. Fisher testified that she believes Jaynes has requested $2,200 in fees that are "secretarial" in nature and thus should be subtracted from Plaintiff's total fee award. The relevant charges are listed in ASIC's Exhibit 514. ASIC provided no basis for its argument that these charges are secretarial besides Ms. Fisher's lay testimony that she considers them to be secretarial. As with the alleged duplicative charges, ASIC could have cross-examined Mr. Weiczorek in order to elicit testimony regarding the tasks performed related to the purported secretarial tasks, but failed to take advantage of that opportunity.

1       The Court has reviewed every entry marked as secretarial and determines that

2   the descriptions alone are inadequate to find that they were inappropriately marked as

3   attorneys' fees. Every task but one that Ms. Fisher claimed was secretarial was

4   performed by paralegal Lisa L. Woodruff. In reviewing each charge by Ms. Woodruff, the

5   Court finds that they are not facially unreasonable and thus do not defeat the Court's

6   presumption of reasonableness.

7       Only one charge marked by Ms. Fisher as secretarial was for work performed by

8   someone other than Ms. Woodruff. This single charge was for work performed by Mr.

9   Wieczorek and occurred on March 30, 2011. The relevant entry stated "Review of

10   consultant expert draft report; Arrange for service and deposit of same to depository."

11   (Plf.'s Ex. 1, Bates No. 2080.) Mr. Wieczorek billed .8 hours for this entry, for a total

12   charge of $200. (*See id.*) Given that Ms. Fisher recommends reducing the charge from

13   $200 to $100, the Court presumes that ASIC's objection to this charge relates to the

14   portion of the work dedicated to arranging service and depositing the draft report into the

15   repository. (*See* Def.'s Ex. 514.) While the Court does not find Ms. Fisher's

16   characterization unreasonable that part of this work may have been for secretarial work,

17   there is no evidence in the record supporting that inference and ASIC's proposed

18   reduction by half appears arbitrary. The Court therefore declines to reduce Mr.

19   Wieczorek's charge.[9]

20       The Court finds that ASIC has not met its burden to demonstrate that the charges

21   marked by Ms. Fisher as secretarial are unreasonable and thus declines to subtract

22   these charges from Jaynes' fee total.

23                     **iv.**    **Excessive**

24       Finally, Ms. Fisher stated briefly during trial that there are several charges that

25   appear to her to be "excessive" and that, as identified in Defendant's Exhibit 514, these

26

27       [9]In declining to reduce this charge by half, the Court is granting Plaintiff a mere $100 more than Defendant proposes. As with many disputes addressed in this Order,

28   this is an issue that could easily have been resolved by the parties.

1  charges total $275.[10] Given that Plaintiff failed to elicit any testimony from Mr. Wieczorek

2  regarding these charges, or otherwise introduce any evidence regarding these entries,

3  the Court declines to find that these fees are unreasonable.

4          **2.     Necessary**

5          The heart of the dispute between the parties concerns the scope of Jaynes'

6  defense in the *Sun City* Action and whether ASIC is responsible for Jaynes' affirmative

7  claims or merely its litigation that was technically labeled as defense.

8          **a.     Affirmative claims**

9          ASIC argues that many of Plaintiff's requested fees are not necessary as they

10  relate to Plaintiff's affirmative crossclaims and third-party claims, rather than exclusively

11  to its defense. While affirmative claims seeking monetary damages are not covered by

12  the duty to defend, prosecution costs that are inextricably linked to defense costs are

13  recoverable as part of the duty to defend. *State of Cal. v. Pacific Indem. Co.*, 63 Cal.

14  App. 4th 1535, 1549 (1998).

15          At trial, Mr. Wieczorek testified that Jaynes, as the contractor for the common

16  area improvements at Pinnacle Village, subcontracted out all work, thus performing none

17  of the work itself. Mr. Wieczorek explained that Jaynes, therefore, expected its

18  subcontractors to take responsibility for any defects in their work. In order to make it

19  possible for the subcontractors to take responsibility, Jaynes needed to bring all

20  subcontractors into the case. Defendant's Exhibit 508 is Jaynes' answer, third-party

21  complaint, and crossclaims in the *Sun City* Action. A review of the third-party complaint

22  and crossclaims reveals that each "affirmative claim" was inextricably intertwined with

23  Jaynes' defense. Given Jaynes' position that to the extent liability was found it was the

24  subcontractors that were liable, it was necessary for Jaynes to ensure that it litigated

25  accordingly. Further, the Court finds that Jaynes did not bring claims in order to obtain

26  affirmative damages, but simply to obtain indemnification.

27  ──────────────

28  [10]The Court is unpersuaded by ASIC's argument that nine separate entries, totaling a mere $275, are facially excessive.

1    Ms. Fisher testified that ASIC requires its general contractors to pursue

2   subcontractors on their own dime, but that such pursuit is not considered by ASIC to be

3   part of the duty to defend. She recommended that Jaynes' fees be therefore reduced by

4   $53,000. In closing, ASIC's counsel argued that if Jaynes were committed to exclusively

5   defending itself, it should not have brought any affirmative claims in the *Sun City* Action,

6   and, if they were found liable in that case, subsequently sought indemnity in a separate

7   action. Were the Court to adopt such a rule, it would be responsible for requiring

8   inefficiency for the sake of formalistic boundaries. The Court declines to adopt ASIC's

9   recommended approach and finds that the affirmative steps Jaynes took were necessary

10   to its defense.

11                      **b.    Coverage**

12    ASIC additionally seeks to categorize a number of fee entries as "coverage"

13   entries above and beyond the $8,230 Jaynes sought in pursuit fees.[11] ASIC

14   recommends reducing Jaynes' requested fees by approximately $28,000. ASIC did not

15   offer an adequate explanation for what it claims to be "coverage." However, based on

16   the Court's review of Defendant's Exhibit 514, ASIC appears to describe services

17   relating to the pursuit and addition of Jaynes' other subcontractors and their carriers as

18   "coverage."

19    The Court declines to reduce Jaynes' fee award as requested. As an initial matter,

20   ASIC failed to clearly provide its definition of "pursuit fees" or "coverage fees" thus the

21   Court cannot discern from Defendant's Exhibit 514 why ASIC believes so many

22   additional fees need to be subtracted. Additionally, Ms. Fisher admitted that there may

23   be duplication between what Ms. Fisher recommended reducing as pursuit fees and

24   what Jaynes had already deducted, in part because ASIC solicited no evidence

25   regarding the underlying work performed for individual fee entries beyond what was

26   _____

27    [11]ASIC also asks the Court to adopt Jaynes' insurer's characterization of
     coverage fees. The Court declines to consider what Jaynes' carrier may have
28   characterized since there was no testimony offered as to the basis for such
     characterization.

1    provided in the exhibits. Moreover, the Court finds that Jaynes' fees relating to the

2    pursuit and addition of other subcontractors' carriers was necessary to its defense of the

3    Underlying Action for the same reason that the affirmative claim fees were necessary as

4    discussed above.

5        **C.**    **Total**

6        As the Court found on summary judgment, ASIC must compensate Jaynes for

7    reasonable costs incurred in defense of the *Sun City* Action, except for the amount that

8    Jaynes must pay ASIC pursuant to the SIR. The Court now finds that Plaintiff has

9    established that it incurred $167,969.92 in reasonable and necessary expenses.

10   Defendant has failed to demonstrate that any of these expenses are unreasonable or

11   unnecessary.

12       Plaintiff has conceded that it is willing to subtract whichever SIR Defendant

13   selects. At trial, ASIC stated for the record that it seeks to apply the $20,000 SIR. (*See*

14   Def.'s Exhibit 503, Bates No. ASIC00203.) Accordingly, the Court applies the $20,000

15   SIR.

16       The Court therefore finds that ASIC owes Jaynes $147,969.92 in fees incurred in

17   defending itself in the *Sun City* Action.

18   **IV.**    **CONCLUSION**

19       It is hereby ordered that ASIC compensate Jaynes in the amount of $147,969.92.

20   The Clerk is directed to enter judgment in favor of Jaynes Corporation and against

21   American Safety Indemnity Company in the amount of $147,969.92.

22       DATED THIS 25th day of April 2014.

23

24                                    

25       MIRANDA M. DU
                 UNITED STATES DISTRICT JUDGE

26

27

28