UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYNES CORPORATION,<br><br>              Plaintiff,<br>     v.<br><br>AMERICAN SAFETY INDEMNITY<br>COMPANY, et al.,<br><br>              Defendants. | Case No. 2:10-cv-00764-MMD-GWF<br><br>ORDER |

Before the Court is the parties' Stipulated Motion to Vacate and Strike Order (Doc. #57) ("Stipulated Motion"). (Dkt. no. 156.) The parties jointly request that the Court vacate its Order on the parties' cross-motions for summary judgment (dkt. no. 57) to facilitate settlement reached in connection with Defendant American Safety Indemnity Company's ("ASIC") appeal.

However, once ASIC filed its notice of appeal, this Court lost jurisdiction to rule upon a motion seeking relief from judgment entered by the Court. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal). Even so, a party may "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Sierra Pacific Industries v. Lyng*, 866 F.2d 1099, 1113 n. 21 (9th Cir. 1989); *see also, Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 772 (9th Cir. 1986). This practice has been adopted by the Federal Rules of Civil Procedure. Rule 62.1(a)

1. states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The third option is often referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.).

The Court finds that the parties' requested relief would promote judicial economy and serve the purposes of Fed. R. Civ. P. 1. The Court thus issues an indicative ruling under Rule 62.1 that it would consider granting the Stipulated Motion if the Ninth Circuit elects to remand. It is therefore ordered that the Stipulated Motion (dkt. no. 156) is denied for lack of jurisdiction.

DATED THIS 3rd day of November 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE