Pamela A. McKay (SBN 7812)
**McKAY LAW FIRM, Chtd.**
3295 N. Fort Apache Road, Suite 150
Las Vegas, NV 89129
Phone: 702-835-6956
Fax: 702- 835-6957
pmckay@mckaylawfirmchtd.com

Attorneys for Appellant/Defendant
AMERICAN SAFETY INDEMNITY COMPANY

NICHOLAS M. WIECZOREK (SBN 6170)
**MORRIS POLICH & PURDY LLP**
500 South Rancho Drive, Suite 17
Las Vegas, NV 89106
Phone:  702-862-8300
Fax:  702-862-8400
nwieczorek@mpplaw.com

Attorneys for Appellee/Plaintiff
JAYNES CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| JAYNES CORPORATION, a New Mexico Corporation doing business in Nevada,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, licensed to do business in the State of Nevada; NEVADA CONTRACTORS INSURANCE COMPANY, INC., licensed to do business in the State of Nevada; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 2:10-cv-00764-MMD-GWF<br><br>STIPULATED MOTION TO STRIKE AND VACATE ORDER (DOC. # 57) PURSUANT TO CONDITIONAL SETTLEMENT BETWEEN JAYNES CORPORATION AND AMERICAN SAFETY INDEMNITY COMPANY |

///

///

///

///

1

Defendant/Appellant AMERICAN SAFETY INDEMNITY COMPANY (ASIC), by and through its attorney of record, the McKay Law Firm, Chtd., and Plaintiff/Appellee JAYNES CORPORATION (Jaynes), by and through its attorney of record, Morris Polich & Purdy LLP, hereby submit a Stipulated Motion to Strike and Vacate the Order (Doc. #57) on the parties' Cross-Motions for Summary Judgment (Doc. #29 and 38.)

I.  PROCEDURAL BACKGROUND

On May 24, 2010, Jaynes filed a complaint against ASIC and Nevada Contractors Insurance Company (NCIC) in this court, wherein Jaynes sought declaratory relief and damages for an alleged breach of contract claim. (Doc. # 1.)

After being served with the summons and complaint, ASIC answered the complaint. (Doc. # 17.)

Jaynes alleged it qualifies as an additional insured to the commercial general liability policies ASIC issued to its named insured.  The parties filed Cross-Motions for Summary Judgment regarding the issue of a duty to defend. (Doc. # 29 and 38.)

On December 26, 2012, the Court issued an Order granting Jaynes' Motion, and denying ASIC's Motion. (Doc. #57.)

Thereafter, Jaynes filed a second motion for summary judgment regarding the amount of damages. (Doc. # 59.) The Court denied the second motion. (Doc. # 77.)

On April 1, 2014, the Court conducted a bench trial, and thereafter issued a Bench Order. (Doc. # 135.) On April 28, 2014, the court entered a judgment pursuant to the Bench Order. (Doc. #136.)

On May 23, 2014, AISC filed a Notice of Appeal. (Doc. #145.) Pursuant to the 9th Circuit's Mediation Program, the parties participated in a mediation wherein they conditionally resolved the dispute on appeal.

The proposed settlement is subject to the Court granting this stipulated Motion to Strike and Vacate the Order on the parties' Cross-Motions for Summary Judgment (Doc. # 57), which forms part of the issues on appeal.  If this stipulated Motion is not granted, the appeal will be reinstated.

On November 20, 2014, the parties filed a stipulated motion to voluntarily dismiss the appeal without prejudice subject to reinstatement. (Doc. #158.)

On November 26, 2014, the 9th Circuit Court of Appeals issued an Order and Mandate to Dismiss the Appeal without Prejudice subject to Reinstatement for the purpose of the parties filing a stipulated Motion to Strike and Vacate the Order (Doc. # 57) on the parties' Cross-Motions for Summary Judgment in District Court, which forms a part of the Settlement Agreement between the parties.

On December 1, 2014, the District Court issued an Order on the records of the District Court regarding the 9th Circuit Court of Appeals Order and Mandate Dismissing the Appeal without Prejudice subject to Reinstatement. (Doc. #160.)

The parties, therefore, submit the instant Stipulated Motion to Strike and Vacate the Order (Doc. #57) on the parties' Cross-Motions for Summary Judgment (Doc. #29 and 38).

II.   LAW AND LEGAL ARGUMENT

A.   Federal Rule of Civil Procedure 54

Federal Rule of Civil Procedure 54(b) governs non-final judgments, including "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b).

Under Rule 54(b), the court has wide latitude to revise prior orders and an order "may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b).

In the Ninth Circuit, a district court may vacate a judgment following settlement upon consideration of "the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to re-litigation of unreviewed disputes." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (quotation marks omitted). No such inquiry is required under Rule 54(b).

Under Rule 54(b), district courts have "complete power" over non-final orders and may vacate or revise them "at any time," if doing so would be "consonant with equity." *United States Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941 JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006); *De la O v. Arnold-Williams*, No. CV-04-0192-EFS, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (quotation marks omitted).

Courts that exercise Rule 54(b) power in the context of settlement have found vacating a prior order is "consonant with equity" if there are no reasons suggesting the order should not be vacated.

For example, in *United States Gypsum*, a district court in the Northern District of California vacated several orders under Rule 54(b), including a summary judgment order and a claims construction order, to facilitate settlement. (*United States Gypsum*, 2006 WL 1825705, at *1.) The court in that case required only that the agreement to vacate "was a significant factor in successfully resolving this litigation," and that there were "no considerations that would justify denial of the motion." *Id.*

Likewise, in *De la O*, the court considered factors such as (1) whether all parties have agreed to vacate the order as a condition of the proposed settlement; (2) whether a former party to the action would be adversely affected by vacating the order; and (3) whether the costs of continuing the action with uncertain results are outweighed by the benefits of the proposed settlement. (*De la O*, 2008 WL 4192033, at *1.)

In this case, none of these considerations suggest denying the Stipulated Motion to strike and vacate is appropriate. First, a condition to settling the dispute between the parties is the court granting this motion; hence, the stipulated motion. The proposed resolution also conserves judicial resources in several respects, including not addressing the issues on appeal, and those that remain at the district court.

There is no suggestion that any former party to the case would be adversely affected by striking and vacating the Order since the Order at-issue is specific to ASIC, and not NCIC. Rather, the parties negotiated a resolution of this appeal that is conditioned on the court granting this Stipulated Motion. Therefore, the parties submit granting the Stipulated Motion pursuant to Rule 54 is proper.

B.  <u>Federal Rule of Civil Procedure 60</u>

Federal Rule of Civil Procedure Rule 60 also provides this Court with authority to strike and vacate the Order on the Cross-Motions for Summary Judgment pursuant to a material term to a proposed settlement of this case.

In particular, Rule 60(b)(6) provides that a Court may set aside a final judgment or ruling for "any other reason that justifies relief" as the interests of justice require. *See In Re International Fibercom, Inc.,* 503 F.3d 933, 940 (9th Cir. 2007) (Rule 60(b)(6) "should be liberally applied" to "accomplish justice").

The decision to vacate an order is addressed to the sound discretion of the district court and gives the court a grand reservoir of equitable power to do justice in a particular case. FRCP 60(b), 28 U.S.C.A; *Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985) (applying Washington law) (decision to vacate reviewed under broad abuse of discretion standard).

Here, to facilitate a conditional settlement, and as an express term in their negotiated settlement agreement, Jaynes and ASIC agreed that ASIC will file the instant Stipulated Motion to strike and vacate the Court's December 26, 2012 Order (Doc. #57). On similar facts, courts have upheld this request.

In *Novell, Inc. v. Network Trade Center,* 187 FRD 657, 660 (D. Utah 1999), the parties to a trademark infringement dispute reached a settlement predicated on partial vacatur of the district court's prior rulings, leaving the remainder of the rulings intact and petitioned the court for a partial vacatur pursuant to FRCP 60(b)(5). *Id.* at 659.

The *Novell* court, noting the parties had good reason to seek vacatur, and that settlement, including vacatur, presented a simple and inexpensive way to accommodate both parties' interests, approved the motion and, as requested, vacated some but not all its prior rulings. *Id.* at 661. *See also, Lycos v. Blockbuster,* 2010 WL 5437226 (D. Mass. 2010) (partial vacatur approved where settlement contingent on court's granting party's unopposed motion to vacate).

Here, the parties agreed as a condition to settlement that ASIC would seek vacatur of the Court's December 26, 2012 Order pursuant to the instant Stipulated Motion.

While the settlement agreement between the parties is anticipated to relieve the parties of any further obligations in this case, ASIC seeks the instant relief due to the continuing, citable nature of the prior Order, which may detrimentally impact ASIC in other, future cases.

Because the parties are willing to resolve the case and forego the appeal, ASIC believes the requested relief is justified to promote compromise and avoid expensive appeals. By striking

and vacating the Order, ASIC obtains the recompense it desires from the resolution and it not compelled to continue to litigate on appeal.

The strong public policies of encouraging settlement and conserving judicial resources apply here; the parties submit no reason exists for the Court to not grant this Stipulated Motion.

III. CONCLUSION

The parties request the Court strike and vacate the Order on the Cross-Motions for Summary Judgment, which is a condition to a successful settlement of this action. If the Stipulated Motion is not granted, the appeal will be reinstated with the appellate court for all purposes.

**McKAY LAW FIRM, CHTD.**

DATED:  December 2, 2014        By:    /s/ *Pamela McKay*
                                        _____
                                        PAMELA A. McKAY (SBN 7812)
                                        3295 N. Fort Apache Road, Suite 150
                                        Las Vegas, NV 89129
                                        Attorneys for Appellant/Defendant
                                        AMERICAN SAFETY INDEMNITY
                                        COMPANY

**MORRIS POLICH & PURDY LLP**

DATED:  December 2, 2014        By:    /s/ *Nicholas Wieczorek*
                                        _____
                                        NICHOLAS M. WIECZOREK (SBN 6170)
                                        500 S. Rancho Drive, Suite 12
                                        Las Vegas, NV 89106
                                        Attorneys for Appellee/Plaintiff
                                        JAYNES CORPORATION